

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

**NO. WR-90,015-01**

**EX PARTE JESSY RODRIGUEZ , Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1453117-A IN THE 183RD DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*.

# O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and sentenced to thirty-eight years' imprisonment. The First Court of Appeals affirmed his conviction. *Rodriguez v. State*, 521 S.W.3d 822 (Tex. App.—Houston [1st Dist.] 2017).

Applicant contends that he is actually innocent[1] and trial counsel was ineffective. The trial

---

[1] In his pleadings, Applicant points to Exhibit B, an affidavit from Kyle Mutters. His affidavit was not forwarded with the record. If his affidavit was filed with this application, it shall be forwarded with the supplemental record.

court signed a timely order designating issues, but this application was forwarded before the trial court made findings of fact and conclusions of law. *See* Tᴇx. R. Aᴘᴘ. P. 73.4(b)(5). We remand this application so the trial court can complete an evidentiary investigation and make findings of fact and conclusions of law.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: August 21, 2019
Do not publish